## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PHILLY AUTO, INC.
455 N. Poinsettia Pl
Los Angeles, CA 90036

        Plaintiff,

vs.

CITY OF PHILADELPHIA
1515 Arch Street, Claims Unit, 14th Floor
Philadelphia, PA 19107

        Defendant.

**CIVIL ACTION**

**NO. _____**

**JURY TRIAL DEMANDED**

## COMPLAINT

### Introduction

1.    This is an action under the Fourteenth Amendment's procedural due process rights and the Fourth Amendment's substantive due process rights. The City of Philadelphia demolished the Plaintiff's property, but failed to notify the Plaintiff of the demolition and the right to appeal until after the demolition of Plaintiff's property was underway.

### Parties, Jurisdiction, and Venue

2.    Plaintiff, Philly Auto, Inc. ("Philly Auto"), is a business entity operating within the Commonwealth of Pennsylvania with a registered California address at 455 N. Poinsetta, PL, Los Angeles, CA 90036.

3.    Plaintiff is the owner of real property located at 4200 Torresdale Avenue, Philadelphia, PA 19124 (the "Property"). *See* Deed and Real Estate Transfer Tax Certifications attached hereto as **Exhibit A**.

4.     Defendant, City of Philadelphia (the "City"), is a municipal corporation with offices located at 1515 Arch Street, Claims Unit, 14th Floor, Philadelphia, Pennsylvania 19107.

5.     This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 because is a claim under the Fourteen Amendment, Fourth Amendment and 42 U.S.C. § 1983.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial portion of the events or omissions giving rise to the action occurred within this judicial district and the City is subject to personal jurisdiction in this judicial district.

### Background

7.     On or about September 1, 2016, Philly Auto acquired the Property for the purchase price of $250,000.00. *See* **Exhibit A**.

8.     On or about April 29, 2017, a fire broke out on the 4200 block of Torresdale Avenue, Philadelphia, PA 19124, causing damage to the Property.

9.     On or about May 2, 2017, the City conducted an inspection of the Property.

10.    On or about May 3, 2017, the day after the City inspected the Property, the City's inspector, Michael Farley, contacted Philly Auto by telephone and advised Plaintiff of the fire damage.

11.    On or about May 4, 2017, Plaintiff Philly Auto sent its employee to the Property in order to assess the damage from the fire.

12.    On or about May 4, 2017, when Philly Auto's employee arrived at the Property, he discovered that the City had already begun the demolition of the Property. *See* photos of the Property being demolished taken on May 4, 2017 attached hereto as **Exhibit B**.

13.     On or about May 3, 2017, the day before Plaintiff's employee visited the Property, the City prepared a notice to Philly Auto titled, "Final Notice of Violation and Order Imminently Dangerous Building" ("Notice of Violation"). *See* May 3, 2017 Notice of Violation attached hereto as **Exhibit C.**

14.     The Notice of Violation was not mailed on May 3, 2017.

15.     Rather, the Notice of Violation was mailed on May 5, 2017. *See* a true and correct copy of the City's mailing envelope postmarked May 5, 2017 attached hereto as **Exhibit D.**

16.     The Notice of Violation was mailed after the demolition of the Property began.

17.     Philly Auto received the Notice of Violation on May 9, 2017.

18.     The Notice of Violation, dated May 3, 2017, states that "The Department inspected the subject structure and determined it is in imminent danger of collapse **you must repair or demolish said structure immediately.**" *See* **Exhibit C** (emphasis added).

19.     Further, the Notice of Violation provided a section titled, "Right to Appeal," which afforded Plaintiff the right to appeal these violations within five days. *See* **Exhibit C.**

20.     Pursuant to the Notice of Violation, the last day to appeal the determination to demolish would have been May 8, 2017.

21.     Plaintiff did not receive the Notice of Violation with right to appeal instructions until May 9, 2017, after the appeal period had expired.

22.     Plaintiff was not given an opportunity to repair or demolish the structure at its own expense.

23.    Even if, assuming *arguendo*, Plaintiff received the Notice of Violation before May 8, 2017, the Property was demolished before the notice was mailed.

24.    Despite demolishing the Property prior to giving Plaintiff notice, from June 2017 through December 2017, the City issued various bills for alleged work such as "Site Improvement," "Demolition," and "Asbestos Onsite Inspection." *See* Correspondence and Bills from the City of Philadelphia attached hereto as **Exhibit E.**

25.    The bills the City issued to Plaintiff totaled $271,559.32. *See* **Exhibit E.**

26.    Further, after the demolition was complete, the City left the Property unsecured and in a state of disarray.

27.    In an effort to protect the location of the Property from squatters and trespassers, Plaintiff attempted to erect a fence on the demolished property.

28.    To add insult to injury, on November 1, 2017, the City sent Plaintiff a Final Warning issuing a Stop Work Order prohibiting Plaintiff from erecting a fence. *See* the City's Final Warning attached hereto as **Exhibit F.**

## COUNT I
### (Procedural Due Process)
### Philly Auto v. City of Philadelphia

29.    Plaintiff incorporates paragraphs 1 through 22 by reference.

30.    Due Process, under the 14th Amendment, requires that the government provide a property owner with notice that is reasonably calculated, under the circumstances, to appraise all interested parties of the pendency of the action, and afford them an opportunity to present their objections.

31.    Procedural due process requires that a governmental deprivation of a protected interest be preceded by notice and an opportunity to be heard.

32.     The City did not give Plaintiff adequate notice of its intention to demolish the Property.

33.     Indeed, the City demolished the Property prior to mailing out the Notice of Violation.

34.     Neither Plaintiff nor any neighbors observed any notices affixed to the property, and received no written communication from the City about its intentions to demolish the property until after demolition began.

35.     The City's decision to demolish the Property was made in accordance with the City's custom and practice, which allows the City, through the Department of License & Inspections, to make a decision to demolish a property it deems "Dangerous," then solicit bids in a matter of hours from contractors for demolition, and have the winning bidder demolish the Property.

36.     Pursuant to the City's custom and practice, namely the Emergency Services and Abatement Unit Field Manual (the "Field Manual"), prior to soliciting bids for demolition, the City's inspector is required to check to ensure the record owner receives notice.

37.     The City failed to provide Plaintiff, the record owner, with notice, pursuant to the Field Manual, prior to soliciting bids for the demolition of the Property.

38.     The City commenced demolition of the Property prior to mailing the Notice of Violation.

39.     The City commenced demolition of the Property prior to the expiration of the Plaintiff's right to appeal period.

40.     The City deemed the Property "imminently dangerous" based upon the City's Inspector's visual inspection.

41.     The City did not conduct any independent testing to determine whether structural elements had failed.

42.     The City demolished the property without affording the Plaintiff his procedural due process rights under the 14th Amendment.

43.     Plaintiff is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff, Philly Auto, requests judgment in its favor and against Defendant, the City of Philadelphia, in an amount in excess of $100,000.00, punitive damages, attorneys' fees, costs, and any other relief this Court deems appropriate.

## COUNT II
### (Substantive Due Process)
### Philly Auto v. City of Philadelphia

44.     Plaintiff incorporates paragraphs 1 through 43 by reference.

45.     The demolition of the Properties constitutes a seizure within the ambits of the Fourth Amendment.

46.     No adequate recourse was provided whereby Plaintiff could challenge the actions of the City.

47.     Plaintiff is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff, Philly Auto, requests judgment in its favor and against Defendant, the City of Philadelphia, in an amount in excess of $100,000.00, punitive damages, attorneys' fees, costs, and any other relief this Court deems appropriate.

ALAN L. FRANK LAW ASSOCIATES, P.C.

/s/ Jeffrey J. Goldin
Jeffrey J. Goldin, Esquire
I.D. No.: 312689
135 Old York Road
Jenkintown, PA 19046
(215) 935-1000 - Telephone
(215) 935-1110 – Fax
jgoldin@alflaw.net
Attorney for Plaintiff

Dated:  February 12, 2018