IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLY AUTO, INC.<br>Plaintiff,<br><br>vs.<br>CITY OF PHILADELPHIA<br>Defendant. | **CIVIL ACTION**<br><br>**NO. 18-cv-669**<br><br>**JURY TRIAL DEMANDED** |

**PROPOSED JOINT JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 1

Philly Auto, Inc. is suing the City of Philadelphia under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law. The lawsuit concerns the City of Philadelphia's demolition of Philly Auto, Inc.'s property located at 4200 Torresdale Avenue, Philadelphia, Pennsylvania. Philly Auto, Inc. owns the property. Under the law, even though they are a corporation, Philly Auto, Inc. has the same constitutionally protect right to their property as any natural person.

## JURY INSTRUCTION NO. 2

Philly Auto, Inc. must prove both of the following elements by a preponderance of the evidence:

One: An individual was acting under color of state law on behalf of the City of Philadelphia at the time Philly Auto Inc.'s rights were violated.

Two: The individual deprived Philly Auto, Inc. of its constitutional rights. At the conclusion of trial, you will be asked to identify the individual, if any, that violated Philly Auto Inc's constitutional rights.

I will now give you more details on action under color of state law, after which I will tell you the elements Philly Auto, Inc must prove to establish the violation of its federal constitutional right.

**JURY INSTRUCTION NO. 3**

Philly Auto, Inc. asserts two claims against the City of Philadelphia. The first element of both claims is that the individual who allegedly violated Philly Auto Inc.'s constitutional rights acted under color of state law. This means that Philly Auto, Inc. must show that The City of Philadelphia was using power that it possessed by virtue of state law.

A person can act under color of state law even if the act violates state law. The question is whether the person was clothed with the authority of the state, by which I mean using or misusing the authority of the state.

By "state law," I mean any statute, ordinance, regulation, custom or usage of any state. And when I use the term "state," I am including any political subdivisions of the state, such as a county or municipality, and also any state, county or municipal agencies

**JURY INSTRUCTION NO. 4**

The second element of Philly Auto, Inc.'s claims is that that an individual actually deprived Philly Auto, Inc. of a federal constitutional right.

If you find that Philly Auto, Inc. was deprived of its procedural due process rights under the Fourteenth Amendment and/or its substantive due process rights under the Fourth Amendment, then the City of Philadelphia is liable for that deprivation if Philly Auto, Inc. proves by a preponderance of the evidence that the deprivation resulted from the City of Philadelphia's official policy or custom – in other words, that City of Philadelphia's official policy or custom caused the deprivation.

It is not enough for Philly Auto, Inc. to show that the City of Philadelphia employed a person who violated Philly Auto, Inc.'s rights. Philly Auto, Inc. must show that the violation resulted from the City of Philadelphia's official policy or custom. "Official policy or custom" includes any of the following:

- a rule or regulation promulgated, adopted, or ratified by The City of Philadelphia's legislative body;

- a policy statement or decision that is officially made by municipality's policy-making official; or

- a custom that is a widespread, well-settled practice that constitutes a standard operating

procedure of the City of Philadelphia

I will now proceed to give you more details on each of the ways in which Philly Auto, Inc. may try to establish that an official policy or custom of The City of Philadelphia caused the deprivation

**JURY INSTRUCTION NO. 5**

[Philly Auto, Inc. must identify what specific policy, custom or practice it alleges violated its constitutional right.]

**JURY INSTRUCTION NO. 6**

When a policymaker representing the government itself makes a deliberate choice to follow a course of action, that choice represents an official policy. Through such a policy, that policymaker may cause a violation of a federal right by

- directing that the violation occur,
- authorizing the violation, or
- agreeing to a subordinate's decision to engage in the violation.

I instruct you that the Commissioner of The City of Philadelphia's Department of Licenses and Inspections is a policymaker whose deliberate choices represent official policy. If you find that such an official policy was the cause of and the moving force behind the violation of Philly Auto, Inc.'s constitutional rights, then you have found that The City of Philadelphia caused that violation.

**JURY INSTRUCTION NO. 7**

Philly Auto, Inc. may prove the existence of an official custom by showing the existence of a practice that is so widespread and well-settled that it constitutes a standard operating procedure of The City of Philadelphia. A single action by a lower level employee does not suffice to show an official custom. But a practice may be an official custom if it is so widespread and well-settled as to have the force of law, even if it has not been formally approved. You may find that such a custom existed if there was a practice that was so well-settled and widespread that the policymaking officials of The City of Philadelphia either knew of it or should have known of it.

If you find that such an official custom was the cause of and the moving force behind the violation of Philly Auto, Inc.'s constitutional rights, then you have found that The City of Philadelphia caused that violation.

**JURY INSTRUCTION NO. 8**

Philly Auto, Inc. has brought a claim for violation of its due process rights. The Due Process Clause of the Fourteenth Amendment requires that a government body provide a property owner with of an action and the opportunity to present their objections. Procedural due process does not require that a property owner actually receive notice. Rather it requires that the government provide "notice reasonably calculated, under all the circumstances" to apprise the interested parties of the pendency

Philly Auto, Inc. has asserted a claim for violation of its due process rights on the basis that the City of Philadelphia failed to provide notice that was reasonably calculated to apprise Philly Auto, Inc. of the imminent demolition of its property.

Philadelphia Property Maintenance Code, § 4-PM-110 *et. seq*.; Administrative Code § 4-A502; *Jones v. Flowers*, 547 U.S. 220, 226 (2006); *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 795 (1983); *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 314 (1950); *Milliken v. Meyer*, 311 U.S. 457, 463 (1940); *Win & Son, Inc. v. City of Philadelphia*, 162 F. Supp. 3d 449, 461 (E.D. Pa. 2016).

**JURY INSTRUCTION NO. 9**

On April 29, 2017, a City of Philadelphia official designated Philly Auto, Inc.'s property as "Imminently Dangerous." A building is imminently dangerous when there is "imminent danger of failure or collapse of a structure or any part thereof which endangers life, or when any structure or part of a structure has fallen and life is endangered by the occupation of the structure." Philly Auto, Inc. does not challenge the City of Philadelphia's classification of the Property on April 29, 2017 as imminently dangerous.

Section 110 of the Philadelphia Property Maintenance code governs the inspection, citing, noticing, and demolition of imminently dangerous structures. Section A-502.4 of the Philadelphia Administrative Code defines the proper method for the noticing of violations issued by city authorities, including violations related to imminently dangerous buildings.

I instruct you that the procedures for providing notice as outlined in the Philadelphia Property Maintenance Code and Philadelphia Administrative Code are constitutionally sufficient.

Philadelphia Property Maintenance Code, § 4-PM-110 *et. seq*.; Administrative Code § 4-A502.

**JURY INSTRUCTION NO. 10**

A government body is exempted from the notice requirements when they act with police power. If you find that the City failed to provide sufficient notice prior to demolition, you will be asked whether the City of Philadelphia an emergency situation existed which would warrant the

demolition of Philly Auto, Inc.'s property regardless of whether the constitutional notice requirements had been satisfied. Such action, in an emergency situation, does not constitute a violation of procedural due process.

An emergency situation occurs when immediate action is necessary to protect the public safety.

To justify the use of its emergency powers, the official who orders the demolition must reasonably believe that an immediate emergency exists which poses a threat to public health or safety. The official may not act in a manner that is arbitrary or constitutes an abuse of discretion.

If you find that the official who ordered the demolition of Philly Auto, Inc.'s property reasonably believed that immediate action was necessary to protect the public from a health or safety threat, then I instruct you that the City of Philadelphia did not violate Philly Auto, Inc.'s procedural due process rights regardless of whether constitutional notice requirements were satisfied.

*Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 491-92 (1987); *Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 537 (1967); *California Reduction Company v. Sanitary Reduction Works of San Francisco*, 199 U.S. 306 (1905); *Elsmere Park Club, Ltd. P'ship v. Town of Elsmere*, 542 F.3d 412, 418 (3d Cir. 2008).

**JURY INSTRUCTION NO. 11**

You are also going to be asked to determine whether the City of Philadelphia violated Philly Auto, Inc.'s substantive due process rights under the Fourth Amendment.

To establish a violation of substantive due process, Philly Auto, Inc. must establish first, that it suffered a deprivation of a fundamental property interest; and second, that the governmental deprivation of that property interest occurred in a manner that was arbitrary or shocks the conscience.

I instruct you that the use and enjoyment of real property qualifies for protection under substantive due process.

I further instruct you that if you find that the City of Philadelphia provided Philly Auto, Inc. with reasonable notice of the demolition, that the City of Philadelphia did not violate Plaintiff's substantive due process rights.

*Chainey v. St.*, 523 F.3d 200, 219 (3d Cir. 2008); *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 399 (3d Cir. 2003); *El Malik v. City of Philadelphia*, No. CIV A 06-1708, 2007 WL 984455, at *7 (E.D. Pa. Mar. 26, 2007). *See also, Davet v. City of Cleveland*, 456 F.3d 549, 552 (6th Cir. 2006).

**JURY INSTRUCTION NO. 12**

The government has the right to regulate the use and conditions of property to ensure the public safety and health, and that the public interest demands that dangerous conditions be prevented or abated.

As discussed in Jury Instruction No. 9, when immediate action is required to protect the public health or safety, the government is authorized to demolish a structure regardless of whether notice requirements have been satisfied. Such a demolition is neither arbitrary nor shocks the conscience.

If you find that the City of Philadelphia demolished Philly Auto, Inc.'s property to protect the safety or health of the public, I instruct you that the City of Philadelphia did not violate Philly Auto, Inc.'s substantive due process rights.

Philadelphia Property Maintenance Code § PM-110.3; *Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 491-92 (1987); *Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 537 (1967); *El Malik v. City of Philadelphia*, No. CIV A 06-1708, 2007 WL 984455, at *6 (E.D. Pa. Mar. 26, 2007).

**JURY INSTRUCTION NO. 13**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not The City of Philadelphia should be held liable.

If you find The City of Philadelphia liable, then you must consider the issue of compensatory damages. You must award Philly Auto, Inc. an amount that will fairly compensate it for any injury they actually sustained as a result of The City of Philadelphia conduct.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Philly Auto, Inc. claims the following items of damages: The reasonable value of property at the time it was demolished.

**JURY INSTRUCTION NO. 14**

A verdict form has been prepared for your convenience. I will review this form with you now, and afterwards you will take it with you to the jury room.

In order for you as a jury to answer a question, each juror must agree to the answer. In other words, your answers to each question must be unanimous.

Your foreperson will write the unanimous answer of the jury in the space provided after each question and will date and sign the form of verdict when completed.

Nothing said in the verdict form is meant to suggest what your verdict should be. You alone have the responsibility for deciding the verdict